OPINION AND ORDER
A Petition for Review and Motion for Stay were timely filed herein by Appellant Wayne Martell on August 26, 2014. We determined there were grounds for granting the Petition for Review but not for granting a stay of the judgment of the Tribal Trial Court. The matter has been fully briefed and argued. We affirm the Tribal Trial Court in accordance with the following.
This is a dispute over ownership of residential property of the late Joseph Bergie that was probated pursuant to a will in the Tribal Trial Court and then later sold by decedent’s son to Petitioner/Appellant Wayne Martell. The Tribal Trial Court ruled in favor of Respondent/Appellee *110 Wyatt Bergie, decedent’s grandson, who contended that under a valid interpretation of the will and attached affidavit, he is entitled to a one-half interest in the home. Thus, under the ruling, Petitioner/Appellant Martell could not have purchased more than a one-half interest in the home because the seller only owned a one-half interest in the home. The Tribal Trial Court decision is based on its interpretation that an affidavit attached to the will that supports Petitioner/Appellant’s contention is not a codicil to the will and will not be implemented as such.
Under Title II, Chapter 2, CCOJ: “The Court of Appeals shall review de novo all determinations of the Tribal Court on matters of law, but shall not set aside any factual determinations of the Tribal Court if such determinations are supported by substantial evidence.” We find the factual determinations of the Tribal Trial Court are supported by substantial evidence. Further, the legal conclusions of the Tribal Trial Court are correct and clearly explained.
Therefore, the ORDER of the Fort Peck Tribal Court is hereby affirmed.